# Kauffelt *against* Leber.

An *ex parte* affidavit made to lay the ground for a rule to show cause why a judgment should not be opened and the defendant let into a defence, may be given in evidence in a trial of an issue between other parties, where the record of that judgment itself is pertinent evidence, for the mere purpose of showing the grounds upon which it was opened.

An administrator having sold the real estate of his intestate by an order of the Orphans' Court, gave a bond to the purchaser, to indemnify him against an outstanding incumbrance or defect in the title: and it was held that he was bound by his obligation.

A suit erroneously brought in the name of A, upon a bond of indemnity, cannot be given in evidence in a suit rightly brought upon the same instrument in the name of B.

If the assignee of a bond fail to recover it from the obligor by reason of the consideration of it having failed before the assignment of it was made, he may recover back from the assignor the money he paid for the assignment, whether he hold his guaranty or not.

ERROR to the Common Pleas of *York* county.

This was an action of debt by Jacob Leber, administrator of Nicholas Leber, against John Kauffelt and Jacob Kauffelt, founded upon a bond in the penalty of $1000, with the following condition annexed: —

" Whereas the said Jacob Kauffelt, administrator of the estate of Michael Kauffelt, did sell the remaining part of the real estate, being a tract of land of 120 acres and 142 perches and allowance, of which a part thereof is situate, lying and being within the manor of Springetsbury, and patented by Thomas Cadwallader, as by deed, bearing date the 18th December 1829, to the said Michael Kauffelt, &c. Now the condition of the above obligation is such, that if the above bounden John Kauffelt and Jacob Kauffelt shall and will from time to time, and at all times hereafter, save, keep harmless and indemnify the said Nicholas Leber of and from all claims which the proprietor, Thomas Cadwallader, or any other person in his right, may have challenge, claim and demand of and from the said tract aforesaid granted and sold to said Nicholas Leber, his heirs and assigns, then this obligation to be void and of none effect, or else to be and remain in full force and virtue."

Nicholas Leber subsequently sold the land to Zachariah Hengst, and took his judgment bonds for the purchase money. Judgment was entered upon one of these bonds, and it was assigned to Jacob Hoover, who issued a *scire facias* to revive it, whereupon the defendant came into court and made the following affidavit: —

*York County, ss.*—Before me, a Justice of Peace of said county, came Zachariah Hengst, and on his solemn affirmation saith that

he gave a judgment bond four years ago to Nicholas Leber, for $350, payable the 1st April, 1835.—That said judgment was for the last payment of a tract of land, which said Nicholas sold to said Zachariah, and agreed to give a deed clear of all incumbrances, and said deponent now finds that part of said land was never patented, and part is in the Springetsbury manor, and that it will require more to patent it than the whole of said sum yet in arrear, as he believes; and when the said deed was given and judgment, said Nicholas affirmed that there were no incumbrances or liens, or defects of title, and there is therefore a full defence to the whole of said judgment.

The judgment was opened and the defendant let into a defence; the case was tried and a verdict and judgment rendered for the defendant. The plaintiff offered the record in evidence, together with parol proof that the ground of the defence was the defect of title, and also to prove by Jacob Hoover that the assignment of the bond by Leber to him was for a full consideration. This evidence was objected to by the defendant and admitted by the court, who sealed a bill of exception.

The assignment of the bond was in these words:

" I do hereby oversign my right, title and interest, claim on the within judgment bond to Jacob Hoover.
                    (Signed) " NICHOLAS LEBER."

The plaintiff then offered to prove by Jacob Hoover that the contract was that Leber was to guarantee the bond, but that the guaranty was omitted by the scrivener who drew the assignment, and that the money was refunded to him. This was objected to by defendants, but admitted by the court, who sealed an exception.

The defendants offered evidence that on the day on which the bond was executed on which this suit was brought, Nicholas Leber and the administrator of the estate of Michael Kauffelt met by appointment, for the purpose of having a deed executed by said administrator to said Leber, for the land sold to him by the order of the Orphans' Court, and of paying the purchase money according to the terms of that sale; that when the parties met, Leber refused to pay the purchase money; that the parties were together a long time about the matter, Leber still refusing to comply with the terms of the sale, and the administrator demanding compliance. Leber refused to pay the purchase money unless a bond of indemnity would be given to him: the bond on which this suit was brought was then drawn and executed, the parties being ignorant of their rights.

The court rejected the evidence and sealed an exception.

The defendant then offered the record of an action of debt, brought upon the same bond of indemnity by Jacob Leber, who was the son and heir-at-law of Nicholas Leber, in his own name, against John and Jacob Kauffelt, in which there was a trial, ver-

[Kauffelt v. Leber.]

dict and judgment for the defendant. The court rejected the evidence and sealed an exception.

The defendants presented several points to the court, which were thus answered by DURKEE (President):

1. That Nicholas Leber having become the purchaser at the sale of the administrator of Michael Kauffelt, under the order of the Orphans' Court, for the payment of debts, and the sale having been confirmed to him, he was bound to take the property as it was, whatever the title may have been; and if when the parties met as testified to, for the purpose of executing the deed, and receiving the purchase money, Leber refused to pay it, on account of an alleged defect of title, and induced the defendants, in ignorance of the rights and obligations of the parties, to sign the bond on which this suit is brought, it is not such an obligation as can be enforced, and therefore the plaintiff cannot recover.

Ans. There is no evidence in the cause to impeach the validity of the obligation, or prevent it from being enforced.

6. That the assignment of the obligee's "right, title and interest" in a bond or chose in action, contains no express warranty that the money is due, and excludes the idea of an implied one; that where the assignment is in writing, it cannot be contradicted or varied by parol evidence in the absence of fraud, and that in such case, if the assignee fails to recover the money, he can have no recourse to the assignor.

Ans. There is no express warranty in the written assignment of the bond of Zachariah Hengst, from Nicholas Leber to Jacob Hoover, that the money was due or recoverable; and if the money was not in fact recoverable, Hoover's right to recover back from Leber, or his estate, the money which he paid him for the bond, depended on the understanding of the parties at the time of the purchase. If Hoover knew at that time that there was or would be a defence to the bond, or agreed to take it at his own risk, he could not have resorted to Leber for the money he paid for it. If on the other hand he supposed he was purchasing a good and valid bond, and there was no understanding that he should take it at his own risk, and the bond was not in truth good and valid, then he had a legal right to look to Leber for the money he paid, and could have recovered it back, and that, whether Leber guaranteed the bond, as testified by Hoover, or not.

7. That the assignment of the bond, in this case, from Leber to Hoover, does not contain an express warranty that the money is due, and excludes the idea of an implied one; and if Hoover failed to recover the money, for the reason alleged of a failure of consideration, he had no recourse to Leber, but must bear the loss, and if the plaintiff notwithstanding paid him the amount of the bond, it was a voluntary payment, and he cannot recover in this suit.

Ans. The answer to the last point is an answer to this.

[Kauffelt v. Leber.]

*Mayer*, for plaintiff in error, argued that there was no consideration for the bond which was the foundation of the action; it was obtained by a surprise upon the defendants, and they should be protected against it by this equitable defence; besides, the contract is void, as being against the policy of the law. 2 *Watts* 381; 6 *Watts* 148; 6 *Har. & Johns.* 500; 3 *Con.* 299; *Newl. Con.* 412; 3 *Watts & Serg.* 444, 261; 1 *Sug. Vend.* 254; 1 *Story's Eq.*, sec. 149; 1 *Hill* 250. There was no guaranty of the bond to Hoover; it was a mere equitable assignment; the repayment of the money, therefore, to him was voluntary, and there was no proof of a consideration paid by him for it but his own testimony; and he was interested because of his liability even to the plaintiff. 3 *Metcalf* 513; 2 *Sto. Eq.* 1040; 5 *Watts & Serg.* 425; 17 *Serg. & Rawle* 402; 6 *Serg. & Rawle* 555; 13 *Serg. & Rawle* 268; 1 *Stark. Ev.* 110; 2 *Phil. Ev.* 108. The *ex parte* deposition of Hengst should not have been received; it must now be presumed to have been offered for all the purposes which its contents exhibit, and to have had an influence upon the cause; it was a matter in dispute where the location of the land was, and this deposition proved the fact. 8 *Watts* 46; 1 *Binn.* 145; 2 *P. R.* 495.

*Fisher*, for defendant in error, was requested to confine himself to the last point, on which he remarked that the *ex parte* affidavit was merely offered as part of the record given in evidence to show the ground on which the judgment was opened; on the subject of the rejection of the record of the former suit on the bond, he cited 6 *Serg. & Rawle* 280; 4 *Serg. & Rawle* 249; 4 *Rawle* 257.

The opinion of the Court was delivered by

SERGEANT, J. — The merits of this case were considered on the hearing of the former writ of error between the same parties, reported 5 *Watts & Serg.* 440. On the present trial, various exceptions to evidence and to the answers of the court were taken in the court below, and have been assigned for error, of which only a few have been relied upon in the argument, and therefore I shall confine my attention to them.

1. The first of these exceptions is to the admission of the *ex parte* affidavit of Zachariah Hengst, filed by him on the 19th March 1831, to prevent the entry of judgment. Had this affidavit, as the plaintiff in error alleges, been offered and read in evidence in this cause upon the merits, as going to prove that a portion of the land sold by Jacob Kauffelt to Leber lay in Springetsbury manor, it would not have been proper evidence. But it would rather seem that this affidavit was offered and received to show the ground of the defence taken by Hengst in the suit against him by Hoover; and if so, it was properly received for that purpose merely. If it was really offered by the plaintiff in the broad point of view asserted by the defendants, it was their duty to require

[Kauffelt v. Leber.]

the purpose for which it was offered to be specially designated, and by not doing so they waived this objection. Besides, it would rather seem by the memorandum of the court which immediately follows on the record of the admission, viz., " read stating the outstanding title," &c., that it was in fact received merely to show the grounds of Hengst's defence.

2. The defendants offered the evidence contained in the offer C, which the court rejected. This we think the court below were right in rejecting, as, if proved, it led to no result. The defendants, in order to terminate a dispute in which the plaintiff's intestate refused to accept the deed without a guaranty against a known incumbrance on the title, chose to give a bond of indemnity against the incumbrance in their individual capacities, and on the faith of it the plaintiff paid his money and received the deed. This was a good consideration for the bond. Whether the defendants were bound to give such bond was for themselves to decide at the time, and it is not necessary it should appear that they were, since if they voluntarily agreed to do so in order to compromise the controversy, and the administrator received the benefit of it, they would be held to their agreement, both at law and equity. In *Lasere* v. *Johnson*, (2 *Str.* 745), bail in error was given by an executor, and it was objected that it was not required by the statute, and was therefore taken without authority; but the court say, though they could not require the defendant to give bail, yet if he will submit to do it as other defendants do, the court may do it, and it will bind the parties. The defendant in the action might for some advantage agree to give bail on the writ of error; but be that as it will, here is a recognizance which is not fulfilled. The present case is still stronger, for it is the bond of the defendants as third persons in the nature of a collateral security voluntarily given, and to settle a dispute. I perceive nothing in this against the policy of the law, or that brings it within the class of cases cited on that point.

3. The record of the suit, No. 26, January Term 1839, brought by Jacob Leber against John and Jacob Kauffelt, was not evidence. That suit was brought by Jacob Leber in his capacity of son and heir at law of Nicholas Leber; the present in his character of administrator. The suits were not between the same parties, nor was the title the same in both. In the first the plaintiff must needs fail, because the right to recover on the bond being a personal right, did not pass to him as son and heir at law of Nicholas Leber. But a judgment in a suit brought on a different title which is bad, ought not to have any legitimate effect in a subsequent suit brought upon a good title.

4. The answers of the court to the 6th and 7th points are assigned as errors; but they appear to us to be correct, and as favourable to the defendant as he was entitled to. For, if the guaranty was proved by Hoover to have been expressly made at

[Kauffelt v. Leber.]

the time of the assignment of the bond by Nicholas Leber to Hoover, and omitted by mistake of the scrivener, Hoover having no interest in the result of the present contest, was a competent witness to prove it.

Judgment affirmed.